UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| NICHOLAS KOUBAITARY, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:07-cv-169 |
| ) | |
| v. ) | Honorable Janet T. Neff |
| ) | |
| PARKER-HANNIFIN HYDRAULIC ) | |
| SYSTEMS DIVISION, ) | |
| ) | **MEMORANDUM OPINION** |
| Defendant. ) | |
| ) | |

This is a civil action brought *pro se* by plaintiff against his employer, Parker-Hannifin Hydraulic Systems Division, Division of Parker Hannifin ("Parker Hannifin"). The matter is now before the court on plaintiff's motion for leave to file a second amended complaint (docket # 17) and defendant's motion for leave to file an amended answer. (docket # 20). For the reasons set forth herein, both motions will be denied.

**Discussion**

Plaintiff's initial complaint (docket # 1) alleged that defendant violated Title VII of the Civil Rights Act of 1964 by discriminating against plaintiff on the basis of national origin in the denial of a promotion. (docket # 1, ¶ 9). Specifically, plaintiff alleged that while he was on medical leave in June of 2006, he had applied for a "C.S.O. Order Detailer classification that had been posted for a bid." (*Id.* at 8). On June 30, 2006, defendant informed plaintiff that he was ineligible to bid for the position. Defendant awarded the "C.S.O. Order Detailer" position to another employee.

Paragraph 8(G) of plaintiff's complaint cited *Koubaitary v. Parker Hannifin Corp., et al.*, 4:03-cv-72 (W.D. Mich), another lawsuit plaintiff had filed in this court. Case number 4:03-cv-72 had been settled and dismissed with prejudice in April 2005. It appears that plaintiff is attempting to allege that the denial of his bid for the C.S.O. Order Detailer position constituted unlawful retaliation in violation of Title VII. Plaintiff's first amended complaint, filed April 7, 2007, added a claim that defendant violated plaintiff's rights "under Title I of the Americans with Disabilities Act of 1990 as amended (ADA) by denying him the eligibility to bid during his short Workman's Compensation Disability leave in June 2006." (docket # 6, ¶ 1).

Plaintiff's motion for leave to file a second amended complaint (docket # 17), to the extent that it is intelligible, requests leave of court to add numerous new claims: (1) that defendant's actions violated unspecified constitutional rights, unspecified state laws, and Michigan's constitution (docket # 17 at 3, ¶ 7); (2) that bids for jobs other than the C.S.O. Order Detailer position forming the basis for plaintiff's EEOC complaint have been denied (*Id.* ¶ 2); (3) that defendant's management "disparaged" plaintiff in violation of the terms of the settlement agreement in case number 4:03-cv-72 (docket # 17, ¶ 5); and (4) that defendant has engaged in "continuous retaliation," without further factual allegations (*Id.* ¶ 6). Plaintiff's motion concludes with a statement indicating that plaintiff attributes his decision not to pursue a career as an Army linguist to the defendant or its employees:

> 8)   The actions of Defendant's staff at parker S.H.D. had [sic] caused a series of events that resulted in the prevention of the Plaintiff from pursuing career development in November 2006 with the United States Army as a linguist due to the emotional stress and his unjust discharge in 2002. His financial situation would have been greatly improved but more importantly, the Defendant's actions have deprived the Plaintiff of the great honor of serving his country with great pride.

(docket # 17, ¶ 8).

"Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading after its initial amendment only by leave of the court, and 'leave shall be freely given when justice so requires.'" *Midkiff v. Adams County Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005)(quoting FED. R. CIV. P. 15(a)). "Futility is a proper ground for denying leave to amend . . . ." *Baker v. City of Detroit*, 217 F. App'x 491, 497 (6th Cir. 2007). "A motion for leave to amend may be denied for futility 'if the court concludes that the pleading as amended could not withstand a motion to dismiss.'" *Midkiff*, 409 F.3d at 767 (quoting *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 249 (6th Cir.1986)); *see Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006); *see also Heard v. SBC Ameritech Corp.*, 205 F. App'x 355, 357 (6th Cir. 2006). In adjudicating a claim of futility, the court should use the standard applicable to motions to dismiss, accepting well-pleaded allegations as true. *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980). Plaintiff's proposed second amended complaint is replete with vague and conclusory allegations. None of plaintiff's proposed additional claims could withstand a motion to dismiss. Plaintiff's motion for leave to file a second amended complaint will be denied.

On August 23, 2007, more than two months after the deadline set forth in the case management order for motions to amend pleadings (docket # 14, ¶ 1), defendant filed a motion for leave to amend its answer. (docket # 20). Defendant's motion fails to address Rule 16(b)'s "good cause" standard. "Once the scheduling order's deadline passes, a [party] first must show good cause under Rule 16(b) for failure to earlier seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003); *see Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). Defendant has not addressed or carried its burden of showing good cause. Accordingly, defendant's motion will

be denied.

## Conclusion

For the reasons set forth herein, plaintiff's motion for leave to file a second amended complaint (docket # 17) and defendant's motion for leave to file an amended answer (docket # 20) will be denied.


Dated:   September 26, 2007            /s/  Joseph G. Scoville
                                       United States Magistrate Judge